# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MIKHAIL V. CHAMANAEVA, *et al*.,

    Plaintiffs,

v.

RECONTRUST COMPANY, *et al*.,

    Defendants.

Case No. 2:12-CV-00403-KJD-CWH

**ORDER**

Before the Court is the Motion to Dismiss (#7) filed by Defendant Recontrust Company. Plaintiffs have filed a response (#12).

Also before the Court is Plaintiffs' Motion to Remand (#9) to which Defendant has filed a response (#11).

I. Background

Plaintiffs own real property located at 7631 Chaumont Street, Las Vegas, Nevada (the "Property"). On October 26, 2005, Plaintiffs obtained a $402,000 loan from Countrywide Home Loans to refinance a previous mortgage on the property. The loan was secured by a first

position deed of trust ("Deed of Trust") which was recorded on October 31, 2005. The Deed of Trust expressly provides that MERS is the beneficiary's nominee under the deed of trust with the power to act on the beneficiary's behalf.

On August 20, 2009, MERS assigned the deed of trust to HSBC Bank USA, National Association, as Trustee for Luminent Mortgage Trust 2006-2 Trust Fund ("HSBC"). On August 20, 2009, HSBC substituted Defendant ReconTrust as trustee under the deed of trust

Plaintiffs defaulted on the loan in December of 2008 by failing to make the payment due on December 1, 2008. Defendant recorded a Notice of Default and Election to Sell on August 20, 2009. Subsequently the first Notice of Default was rescinded.  Defendant recorded a second Notice of Default on August 10, 2010.  Plaintiffs failed to cure their default and did not elect to participate in the Nevada Foreclosure Mediation Program.  On October 26, 2010, the Foreclosure Mediation Program issued a certificate allowing the foreclosure to proceed.

On February 12, 2012, Defendant provided notice that the Property would be sold at a trustee's sale March 8, 2012.  However, on February 27, 2012, Plaintiffs filed this action in the Eighth Judicial District Court and recorded a lis pendens on the property.  The action was removed here on March 12, 2012.  The Complaint alleges causes of action for: (1) Deceptive Trade Practices and (2) Violations of NRS Chapter 107 and request Declaratory and Injunctive relief.

II.  Discussion

A. Motion to Remand

Plaintiffs argue that this Court should realign the parties such that ReconTrust is the plaintiff for purposes of removal. Plaintiffs cite two United States Supreme Court decisions to support their argument: Chicago, R.I. & P.R. Co. v. Stude, 346 U.S. 574 (1954) and Mason City & Fort Dodge R.R. Co. v. Boynton, 204 U.S. 570 (1907). In each of these cases, the Court realigned the parties because state law had classified the parties in a manner inconsistent with federal law. See Stude, 346 U.S. at 579–80; Boynton, 204 U.S. at 579–80. Here there is no conflict between state and federal law in terms of party classification. Plaintiffs have played the role of plaintiff throughout this action by

2

1  instituting the case in state court and seeking various forms of relief. Accordingly, the Court declines

2  to realign the parties and holds that ReconTrust is properly classified as the defendant.

3       B. Legal Standard for Motion to Dismiss

4       A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

5  relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short

6  and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

7  8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require

8  detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic

9  recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

10  (citations omitted).  "Factual allegations must be enough to rise above the speculative level."

11  Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient

12  factual matter to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citation

13  omitted).

14       In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when

15  considering motions to dismiss.  First, a district court must accept as true all well-pled factual

16  allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

17  Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory

18  statements, do not suffice. Id. at 1949.  Second, a district court must consider whether the factual

19  allegations in the complaint allege a plausible claim for relief. Id. at 1950.  A claim is facially

20  plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable

21  inference that the defendant is liable for the alleged misconduct. Id. at 1949.  Where the complaint

22  does not permit the court to infer more than the mere possibility of misconduct, the complaint has

23  "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks

24  omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible,

25  the complaint must be dismissed. Twombly, 550 U.S. at 570.

26

C. Deceptive Trade Practices

The Nevada Deceptive Trade Practices Act ("NDTPA"), codified as NRS § 598, prohibits a seller from making false statements or misrepresentations about his or her goods or services, or failing to disclose material facts about his or her goods or services. See generally NRS § 598.

Plaintiffs assert that Defendant violated the NDTPA, specifically citing NRS § 598.0915(5) and (15), and § 598.092(8). The Courts of this District have previously held that NRS § 598 applies only to goods and services and not to real estate loan transactions. See, e.g., Reyna v. Wells Fargo Bank, N.A., 2011 WL 2690087, at *9 (D.Nev. July 11, 2011). Despite the weight of authority to the contrary, Plaintiffs argue that the scope of NRS § 598 should be expanded to include real estate loan transactions. This Court declines to expand the scope of the NDTPA. Accordingly, Plaintiffs' first cause of action is dismissed.

D. Violation of NRS Chapter 107

Plaintiffs' complaint broadly asserts violations of NRS 107 et. seq., without identifying any specific provisions which Defendant is alleged to have violated.  Plaintiffs make the conclusory assertion that they "dispute[] the deficiency in performance stated in the Notice of Default" without providing any facts supporting an existence of a legitimate dispute.  This bare assertion is insufficient to state a claim.

Next,  Plaintiffs claim that Defendant failed to provide Plaintiffs with the promissory note during the foreclosure process.  The "case law within this district holds that the Nevada law governing nonjudicial foreclosure ... does not require a lender to produce the original note as a prerequisite to nonjudicial foreclosure proceedings." Byrd v. Meridian Foreclosure Service, 2011 WL 1362135, at *2 (D. Nev. April 8, 2011); see also Urbina v. Homeview Lending, Inc., 681 F.Supp.2d 1254, 1258 (D.Nev.2010).

Finally, Plaintiffs claim that they are entitled to "a declaration that the foreclosure sale is void" because ReconTrust did not have authority to notice and conduct the trustee's sale.  Of course, there has been no trustee's sale in this case so the Court cannot grant the relief requested.  However,

4

1    Plaintiffs' claim also fails because NRS 107.080(2)(c) allows "beneficiary, the successor in interest

2    of the beneficiary, or the trustee" to effectuate a nonjudicial foreclosure sale.  Judicially noticable

3    documents show that Defendant was duly substituted as trustee by the beneficiary, HSBC on August

4    20, 2009, nearly one year before the notice of default.[1]  Accordingly, Plaintiffs have failed to state a

5    claim upon which relief can be granted under NRS 107 et. seq.

6            E.  Declaratory Relief, Injunctive Relief, and Attorney's Fees

7            Declaratory relief, injunctive relief, and attorney's fees are remedies, not causes of action or

8    independent grounds for relief. See In re Wal–Mart Wage & Hour Emp't Practices Litig., 490

9    F.Supp.2d 1091, 1130 (D.Nev.2007). As discussed in this order, Plaintiffs have failed to state a claim

10   for which the above remedies could be granted. Accordingly, Plaintiffs' request for declaratory relief,

11   injunctive relief, and attorneys' fees is denied.

12   III. Conclusion

13           **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (#7) is **GRANTED**.

14           **IS FURTHER ORDERED** that Plaintiffs' Motion to Remand (#9) is **DENIED**.

15           **IT IS FURTHER ORDERED** that the lis pendens is cancelled, rescinded, and expunged.

16           DATED this 21st day of February 2013.

17

18

19           _____

20           Kent J. Dawson
             United States District Judge

21

22

23

24   _____

25         [1] To the extent Plaintiffs attack the validity of the assignment to HSBC, they do not state any facts showing that
     they have standing to challenge this assignment.  See Klamath Water User Protective Ass'n v. Patterson, 204 F.3d 1206,
26   1210 (9th Cir. 2000) ("Before a third party can recover under a contract, it must show that the contract was made for  its
     direct benefit – that it is an intended beneficiary of the contract.")